UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PIXSY INC., DANIEL FOSTER, and AARON LUSK <br><br> Plaintiffs, <br><br> V. <br><br> CGI COMMUNICATIONS, INC d/b/a NEXT! AD AGENCY, <br><br> Defendant. | § § § § § § § § § § § § § § § CASE NO. 1:16-cv-00925 <br><br> DEMAND FOR JURY TRIAL |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiffs, Pixsy Inc. ("Pixsy"), Daniel Foster ("Foster"), and Aaron Lusk ("Lusk") (Pixsy, Foster, and Lusk are hereinafter collectively referred to as "Plaintiffs") file their Original Complaint against defendant, CGI Communications, Inc. d/b/a NEXT! Ad Agency ("Defendant" or "CGI"), and would respectfully show the Court as follows:

### I.  NATURE OF THE ACTION

1. This is a civil action for copyright infringement of a federally registered copyright in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and a related claim for invasion of privacy by misappropriation of image/likeness in violation of Texas common law ("Action"). Plaintiffs seek injunctive relief, general and/or compensatory damages and/or statutory damages, exemplary damages, attorney's fees and costs, and such other relief as the Court deems proper.

## II. JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 15 U.S.C. § 1121, as an action arising out of a violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendant regularly conducts business in this judicial district ("District"), and Defendant has caused injury and damage to Plaintiffs in this District.

4.     Personal jurisdiction exists over Defendant because, upon information and belief, Defendant regularly conducts business in Texas and within this District or otherwise avails itself of the privileges and protections of the laws of the state of Texas, Defendant is registered to do business in Texas, Defendant's unlawful conduct occurred in the state of Texas, and Defendant has caused damage to Plaintiffs in this District, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

## III. THE PARTIES

5.     Plaintiff Pixsy is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at Klosterstr 62, Berlin, Germany 10179.

6.     Plaintiff Foster is an individual, having a business address of Libauer Str. 8, Berlin, Germany 10245.

7.     Plaintiff Lusk is an individual, and is, and at all times relevant hereto was, a domiciliary of Texas, residing at 3904a Bailey Lane, Austin, Texas 78756.

8. Upon information and belief, Defendant CGI Communications, Inc. d/b/a NEXT! Ad Agency (again, "Defendant" or "CGI") is a corporation organized and existing under the laws of the state of New York, having a principal place of business at 130 East Main Street, 8th Floor, Rochester, New York 14604.

9. Upon information and belief, Defendant has, at all times relevant hereto, committed the unlawful acts set forth herein – including knowingly and willfully violating Plaintiffs' intellectual property rights, as further detailed *infra* – in this District.

## IV. GENERAL ALLEGATIONS

### 1. Plaintiffs and their Intellectual Property Rights

10. Pixsy is a corporation, formed in 2014 by Foster, among several others, which acts as a licensing agent for photographers, including Foster, and offers an online software platform to such photographers that identifies the unlicensed use of photographic works on the Internet. Pixsy then works on behalf of photographers, alongside its global network of law firms, in order to recover reasonable royalties for unauthorized image use.

11. Foster is not only an entrepreneur, but is also a well-known photographer, in his own right, who is a member of the Royal Photographic Society.

12. Foster's works have appeared in many well-respected publications and venues, including, but not limited to: *National Geographic*, *der Freitag*, *the World Wildlife Fund*, *Virgin Media*, and *Smithsonian*.

13. Foster also features his photographic works on his website, *available at* www.danielfoster.net, as well as through his Flickr page, *available at* www.flickr.com/photos/danielfoster ("Flickr Page"), and offers third parties the opportunity to license such works, only with his consent and after an appropriate licensing agreement has been

reached.

14. Foster owns both registered and unregistered copyrights in and to his photographic works.

15. Specifically, and of particular relevance to the claims asserted herein, Foster is the owner of U.S. Copyright Registration No. VA 1-879-851, which covers Foster's photographic portrait of Lusk drinking coffee, entitled "Hipster Drinking Coffee" (hereinafter, the "Work"). A true and correct copy of the Certificate of Registration for the Work, along with the pertinent excerpt of the deposit materials, is attached hereto as **Exhibit A**.

16. The Work is currently available, and at all relevant times hereto, has been available, through Foster's Flickr Page, at the following link: http://www.flickr.com/photos/danielfoster/8558723782, which explicitly denotes that those seeking to use the Work for commercial purposes should contact Foster to arrange for a paid license.

17. Foster and Lusk have engaged Pixsy in connection with the enforcement of their respective rights (i.e., Foster's rights in and to the Work, and Lusk's rights in and to his image/likeness).

18. Plaintiffs have gone to great lengths to protect their respective interests and no one other than Plaintiffs and their authorized licensees are authorized to display, distribute, or otherwise utilize the Work and/or Lusk's image/likeness without the express written permission of Plaintiffs.

2. **Defendant and its Wrongful and Infringing Conduct**

19. Pixsy investigates and enforces against unlawful image theft, thereby aiding in the enforcement of photographers' exclusive rights provided under the Copyright Act (i.e., the right

to reproduce, prepare derivative works, distribute, and display their images), and through such efforts, including the use of Pixsy's reverse image search software, learned of Defendant's actions, which include: distributing, displaying, and/or otherwise making the Work and Lusk's image/likeness available in connection with various pseudonymous Google Plus profile pages (hereinafter, "Fictional Infringing Profile(s)"), along with the false reviews associated therewith (hereinafter, "False Reviews"), in an effort to, upon information and belief, bolster the reputation of and garner business for Defendant's for-profit business clients.

20. Upon information and belief, Defendant obtained the Work, featuring Lusk's image/likeness, from Foster's Flickr Page. Plaintiffs have confirmed that the image distributed, displayed, and/or otherwise made available by Defendant is in fact the Work, and that Defendant utilized the Work and Lusk's image/likeness without Plaintiffs' consent.

21. On or about February 2016, Plaintiffs first became aware of the display, distribution, and/or use of the Work and Lusk's image/likeness as the profile picture for a Fictional Infringing Profile for the fictitious individual, "Tommy Carson," and the further dissemination of the Work and Lusk's image/likeness in connection with seven (7) False Reviews for seven (7) commercial businesses purportedly posted by "Tommy Carson" on each respective business's Google Plus page. True and correct printouts of the seven (7) False Reviews associated with the "Tommy Carson" Fictional Infringing Profile are attached hereto as **Exhibit B**.

22. Thereafter, upon further investigation, Plaintiffs identified Defendant as the source of the "Tommy Carson" Fictional Infringing Profile and all of the False Reviews associated therewith.

23. Notably, on Defendant's website, available at http://www.nextadagency.com/,

Defendant advertises that it offers the following services: online presence enhancement, reputation management, evaluation of advertising opportunities, advanced tracking, avatars and videos, SEO, SEM, and social media.

24. Numerous consumers, Defendant's own clients, and at least one employee of Defendant, presumably with knowledge of the internal processes at CGI, have issued complaints regarding Defendant's services, including, specifically, its practice of creating false reviews and/or testimonials. Given the foregoing, upon information and belief, Defendant has engaged in a pattern of knowingly disseminating fictitious reviews. True and correct screenshots of a sampling of the foregoing complaints, available online, are attached hereto as **Exhibit C**.

25. On March 10, 2016, counsel for Plaintiffs sent Defendant a cease and desist letter ("C&D"). A true and correct copy of the C&D is attached hereto as **Exhibit D** and incorporated herein by reference.

26. On March 15, 2016, Defendant's General Counsel sent a response to the C&D to counsel for Plaintiffs, in which he advised, among other things, that the Work and Lusk's image/likeness had been removed from any website or account under Defendant's control ("Defendant's 3/15 Letter").

27. Shortly thereafter, on or about April 4, 2016, Defendant retained outside counsel, who engaged in preliminary settlement negotiations with counsel for Plaintiffs.

28. Yet, surprisingly, on or about April 25, 2016, Plaintiffs became aware that, despite having been placed on notice of Plaintiffs' rights and Defendant's wrongful, egregious and infringing actions, and despite the assurances made in Defendant's 3/15 Letter, Defendant continued to display, distribute, and/or use the Work and Lusk's image/likeness as the profile picture for a second Fictional Infringing Profile for another fictitious individual, "Greg

Broadbent," and caused the Work and Lusk's image/likeness to be further disseminated in connection with three (3) False Reviews for three (3) commercial businesses, purportedly posted by "Greg Broadbent" on each respective business's Google Plus page. A true and correct printout of the "Greg Broadbent" Fictional Infringing Profile and the False Reviews associated therewith is attached hereto as **Exhibit E**.

29. Subsequently, counsel for Plaintiffs informed counsel for Defendant of the second Fictional Infringing Profile. Counsel for the parties then continued to engage in settlement negotiations; however, as of the date of the filing of this Action, the parties have been unable to reach a settlement.

30. By the display, distribution, and/or commercial use of the Work and Lusk's image/likeness, Defendant has violated Plaintiffs' rights in the Work and has misappropriated Lusk's image/likeness.

31. Neither Plaintiffs nor any of Plaintiffs' authorized agents have consented to Defendant's use of Plaintiffs' Work and/or Lusk's image/likeness.

32. Prior to and contemporaneous with its unlawful actions alleged herein, Defendant had knowledge of, or, at a minimum, had reason to know of, Plaintiffs' ownership of the Work and the rights in and to Lusk's image/likeness, and in bad faith displayed, distributed, and/or utilized Plaintiffs' Work and Lusk's image/likeness in a commercial context.

33. Defendant's infringing conduct is clearly willful given that it continued to engage in such illegal infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiffs' rights, or in bad faith, for the purpose of improperly bolstering Defendant's clients' reputations and the success and/or profitability of their respective businesses.

34. In committing these acts, Defendant has, among other things, willfully and in bad faith infringed Plaintiffs' Work and misappropriated Lusk's image/likeness, which has caused and will continue to cause irreparable harm to Plaintiffs.

35. Unless enjoined, Defendant will continue to cause irreparable harm to Plaintiffs.

## V. CAUSES OF ACTION

### 1. Federal Copyright Infringement
### [17 U.S.C. § 501(a)]

36. Plaintiffs repeat and re-allege every allegation set forth in the preceding paragraphs.

37. Plaintiffs are the owners and/or licensees of the Work.

38. Defendant had actual notice of Plaintiffs' rights in and to the Work.

39. Defendant did not attempt to obtain, and failed to obtain, Plaintiffs' consent or authorization to reproduce, copy, display, prepare derivative works of, distribute, use, and/or otherwise make available Plaintiffs' Work.

40. Without permission, Defendant knowingly and intentionally reproduced, copied, displayed, prepared derivative works of, distributed, used, or otherwise made Plaintiffs' Work available by causing the Work to, at a minimum, be displayed and/or distributed in connection with the Fictional Infringing Profiles and each of the False Reviews associated therewith.

41. Defendant's unlawful and willful actions as alleged herein, constitute infringement of Plaintiffs' Work, including Plaintiffs' rights to reproduce, copy, display, prepare derivative works of, and/or distribute such Work in violation of 17 U.S.C. § 501(a).

42. Defendant's knowing and intentional copyright infringement as alleged herein has caused substantial and irreparable harm to Plaintiffs and unless enjoined, Defendant will continue to cause, substantial and irreparable harm to Plaintiffs for which they have no adequate

remedy at law. Plaintiffs are therefore entitled to injunctive relief, Plaintiffs' actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages or, in the alternative, statutory damages for willful copyright infringement of up to $150,000 per infringement, and reasonable attorney's fees and costs.

### 2. Invasion of Privacy by Misappropriation of Image/Likeness
### [Texas Common Law]

43. Plaintiffs replead and incorporate by reference each and every allegation set forth in the preceding paragraphs.

44. Plaintiffs are the owners and/or licensees of all exclusive rights in and to Lusk's image/likeness, and all other aspects of his identity, along with the value associated therewith.

45. Defendant used Lusk's image/likeness in connection with positive False Reviews promoting Defendant's clients' respective businesses in a manner that suggested that such False Reviews were written, and that such businesses were endorsed, by Lusk, in an effort to imbue the False Reviews with credibility, thereby causing consumers to trust said False Reviews, and resulting in increased profits and/or a commercial advantage for each endorsed business, as well as for Plaintiff.

46. Lusk can be readily identified in the Work, which was prominently featured as the profile picture for the Fictional Infringing Profiles and the False Reviews associated therewith.

47. Defendant intentionally appropriated Lusk's image/likeness in an attempt to garner business and/or to secure a reputational advantage for Defendant's clients, and, upon information and belief, Defendant profited from the provision of such services and thus, received a commercial benefit from the appropriation of Lusk's image/likeness.

48. Plaintiffs have never consented to Defendant's use of Lusk's image/likeness, nor would Plaintiffs have consented to such usage in connection with Defendant's deceitful and unlawful business practices, as detailed herein.

49. As a direct and proximate result of Defendant's unjustified and wrongful appropriation of Lusk's image/likeness, Plaintiffs have been deprived of the exclusive right to control the commercial exploitation of Lusk's image/likeness.

50. The aforementioned actions were committed willfully, with the deliberate purpose of appropriating Lusk's image/likeness without Plaintiffs' consent. Consequently, in addition to an order granting Plaintiffs general and/or compensatory damages, Plaintiffs also seek exemplary damages for Defendant's intentional misconduct.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

A. For an award of Plaintiffs' actual damages and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of Plaintiffs' Work under 17 U.S.C. § 501(a);

B. In the alternative to Plaintiffs' actual damages and Defendant's profits for copyright infringement of Plaintiff's Work pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 U.S.C. § 504(c) for willful copyright infringement, which Plaintiffs may elect prior to the rendering of final judgment;

C. For an award of general and/or compensatory damages to be proven at trial for invasion of privacy by misappropriation of image/likeness in violation of Texas common law;

D. For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, and its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

  i. directly or indirectly infringing in any manner any of Plaintiffs' copyrights or other rights (whether now in existence or hereafter created) including, without limitation Plaintiffs' Work or Lusk's image/likeness;

  ii. using any of Plaintiffs' copyrights or other rights (whether now in existence or hereafter created) including, without limitation, Plaintiffs' Work and Lusk's image/likeness;

  iii. engaging in any other act in derogation of Plaintiffs' rights;

  iv. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

  v. instructing, assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iv) above;

E. For an award of exemplary or punitive damages in an amount to be determined by the Court;

F. For Plaintiffs' reasonable attorney's fees;

G. For all costs of suit; and

    H.    For such other and further relief as the Court may deem just and equitable.

## VII.  DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all claims.

Dated: August 2, 2016

Respectfully submitted,

BY:  s/Steven M. Abbott
Steven M. Abbott
State Bar No. 00797825
Attorney-in-charge for Plaintiffs
Pixsy Inc., Daniel Foster, and Aaron Lusk
510 Bering Drive, Suite 300
Houston, Texas 77057
Telephone: (713) 467-1669
Facsimile:  (713) 467-4936
E-mail: abbottsteven@hotmail.com

**OF COUNSEL:**

**EPSTEIN DRANGEL LLP**
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391

William C. Wright
NY State Bar No. 2932440
E-mail: bwright@ipcounslors.com

Jason M. Drangel
NY State Bar No. 2538981
Federal Bar No. JD 7204
E-mail: jdrangel@ipcounselors.com

Ashly E. Sands
NY State Bar No. 5079371
Federal Bar No. AS 7715
E-mail: asands@ipcounselors.com

Kerry B. Brownlee
NY State Bar No.
Federal Bar. No. KB 0823
E-mail: kbrownlee@ipcounselors.com

Attorneys for Plaintiffs
Pixsy Inc., Daniel Foster, and Aaron Lusk