UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

PIXSY INC., DANIEL FOSTER, and
AARON LUSK

Plaintiff,

v. Case No. 1:16-CV-00925-SS

CGI COMMUNICATIONS, INC. d/b/a NEXT!
AD AGENCY,

Defendant.

**DEFENDANT'S ORIGINAL ANSWER**

Defendant CGI Communications, Inc. d/b/a Next! Ad Agency for its Original Answer hereby:

1. ADMITS that the complaint purports to recite a civil action for copyright infringement and invasion of privacy under Texas common law, but DENIES the remaining allegations contained in Paragraph 1 of the Complaint.

2. ADMITS that this court has federal subject matter jurisdiction over copyright infringement claims, but DENIES the remaining allegations contained in Paragraph 2 of the Complaint.

3. DENIES the allegations contained in Paragraph 3 of the Complaint.

4. DENIES the allegations contained in Paragraph 4 of the Complaint.

5. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. ADMITS the allegations contained in Paragraph 8 of the Complaint.

9. DENIES the allegations contained in Paragraph 9 of the Complaint.

10. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in in Paragraph 15 of the Complaint.

16. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. ADMITS the allegations contained in Paragraph 23 of the Complaint.

24. DENIES the allegations contained in Paragraph 24 of the Complaint.

25. ADMITS that the correspondence was sent to Defendant, but DENIES the truth of the allegations in the correspondence and any remaining allegations contained in Paragraph 25 of the Complaint.

26. ADMITS that Defendant sent the correspondence, but denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. ADMITS the allegations contained in Paragraph 27 of the Complaint.

28. DENIES the allegations contained in Paragraph 28 of the Complaint.

29. ADMITS that Plaintiff's counsel informed Defendants of an alleged second infringing profile and that the parties engaged in settlement discussions but were unable to reach a settlement, but DENIES the remaining allegations contained in Paragraph 29 of the Complaint.

30. DENIES the allegations contained in Paragraph 30 of the Complaint.

31. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. DENIES the allegations contained in Paragraph 32 of the Complaint.

33. DENIES the allegations contained in Paragraph 33 of the Complaint.

34. DENIES the allegations contained in the allegations contained in Paragraph 34 of the Complaint.

35. DENIES the allegations contained in Paragraph 35 of the Complaint.

36. Defendant repeats and realleges the responses to every allegation set forth in the preceding paragraphs in response to the allegations contained in Paragraph 36 of the Complaint.

37. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. DENIES the allegations contained in Paragraph 38 of the Complaint.

39. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. ADMITS the image at issue in this action was used with a profile, but DENIES the remaining allegations contained in Paragraph 40 of the Complaint.

41. DENIES the allegations contained in Paragraph 41 of the Complaint.

42. DENIES the allegations contained in Paragraph 42 of the Complaint.

43. Defendant repeats and realleges the responses to every allegation set forth in the preceding paragraphs in response to the allegations contained in Paragraph 43 of the Complaint.

44. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. DENIES the allegations contained in Paragraph 45 of the Complaint.

46. DENIES the allegations contained in Paragraph 46 of the Complaint.

47. DENIES the allegations contained in Paragraph 47 of the Complaint.

48. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49. DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. DENIES the allegations contained in Paragraph 50 of the Complaint.

**FIRST DEFENSE**

51. Plaintiffs have failed to state a claim upon which relief may be granted.

**SECOND DEFENSE**

52. Plaintiffs lack standing to assert the claims.

**THIRD DEFENSE**

53. The Court lacks personal jurisdiction over Defendant.

**FOURTH DEFENSE**

54. Plaintiffs are barred from pursuing their claims because venue is improper.

**FIFTH DEFENSE**

55. Plaintiffs are barred from pursuing their claims because Plaintiffs have been improperly joined in this action.

**SIXTH DEFENSE**

56. Plaintiffs' state law claims are preempted by federal law, including the Copyright Act, 17 U.S.C. § 101 *et seq*., and the First Amendment.

**SEVENTH DEFENSE**

57. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**EIGHTH DEFENSE**

58. Defendant's acts do not constitute infringement according to the doctrine of "fair use," as provided for in 17 U.S.C. § 107.

**NINTH DEFENSE**

59. Defendant's acts do not constitute infringement according to 17 U.S.C. § 117.

**TENTH DEFENSE**

60. Defendant has an express and/or implied license to use the work at issue in this action.

**ELEVENTH DEFENSE**

61. Defendant did not use any image or likeness of Plaintiff Lusk for the commercial value of such image or likeness.

**TWELFTH DEFENSE**

62. Plaintiff Lusk cannot be identified based on the image or likeness allegedly used by Defendant.

**THIRTEENTH DEFENSE**

63. Defendant has at all times acted in good faith.

**FOURTEENTH DEFENSE**

64. Defendant has a legitimate business justification for its actions.

**FIFTEENTH DEFENSE**

65. Plaintiffs' claims are barred by the doctrine of unclean hands.

**SIXTEENTH DEFENSE**

66. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or laches.

WHEREFORE, Defendants pray that the Court:

A. Enter judgment for Defendant and against Plaintiffs on the First and Second Claims of the Complaint;

B. Award Defendant its attorneys' fees, costs and disbursements, and such other and further relief as the Court may deem just and proper.

Dated: September 9, 2016

Respectfully submitted,

/s/ Matthew C. Powers

Matthew C. Powers
State Bar No. 24046650
mpowers@gdhm.com
GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 480-5725 Telephone
(512) 536-9938 Facsimile

**ATTORNEYS FOR DEFENDANT CGI COMMUNICATIONS, INC. D/B/A NEXT! AD AGENCY**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of September, 2016, the foregoing document was delivered to the following counsel of record via the Court's electronic filing system:

Steven M. Abbott
Attorney at Law
510 Bering Drive, Suite 300
Houston, TX 77057
abbottsteven@hotmail.com

/s/ Matthew C. Powers
Matthew C. Powers